UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN EUGEE ROSE | No. 2:21-cv-0338 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| YUBA COUNTY, et al., | |
| Defendants. | |

Plaintiff, a former county and current state prisoner proceeding pro se, seeks relief under 42 U.S.C. § 1983 and state law, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more than a statement of facts that merely creates a suspicion [of] a legally cognizable

2

right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges that defendants Garza, Yuba County, and Does 1-40 violated plaintiff's rights under state law and the Eighth Amendment.[1] ECF No. 1. Plaintiff alleges that on February 14, 2020, he participated in a peaceful protest with other inmates against jail abuses. Id. at 3. During the protest, plaintiff requested to speak with Garza, who was a captain at the jail, and the jail's supervisors; Garza responded by ordering Doe defendants to shoot plaintiff in the face with pepper balls and tase him despite his peaceful and non-aggressive behavior. Id. Plaintiff alleges that between forty and fifty correctional deputies were involved in the incident, and that "the sole purpose of shooting the Plaintiff in the face with pepper balls and tasing him was to inflict pain." Id. at 3, 6.

---

[1] Plaintiff was in the custody of the Yuba County Jail at the time of the alleged violations. However, he does not specify whether he was a pretrial detainee or a convicted inmate, so it is unclear whether his claims are governed by the Fourteenth or Eighth Amendment. See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))). Because the viability of plaintiff's claims, as currently pled, is the same regardless of which standard is applied, the claims will be analyzed as pled under the Eighth Amendment.

3

IV. <u>Eighth Amendment Claims</u>

    A. <u>Defendant Garza</u>

Plaintiff's allegations that defendant Garza ordered an unspecified number of Doe defendants to tase plaintiff and fire a pepper ball gun into his face is sufficient to state a claim for excessive force under the Eighth Amendment, see <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992) (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)), and Garza will be required to respond to the complaint.

    B. <u>Doe Defendants</u>

Plaintiff alleges that up to fifty Doe defendants "shot Plaintiff and or conspired to shoot plaintiff with pepper balls and tasers." ECF No. 1 at 3. Though the use of Doe defendants is generally not favored, <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted), amendment is allowed to substitute true names for fictitiously named defendants, see <u>Merritt v. County of Los Angeles</u>, 875 F.2d 765, 768 (9th Cir. 1989), and plaintiff has sufficiently alleged excessive force against the unspecified number of defendants who personally fired a pepper ball gun in his face and tased him. However, without more, he cannot state a claim against the remaining Doe defendants simply because they were present at the time. See <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976) (no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation); <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). Because plaintiff could amend the complaint to add additional facts that would state a claim against these defendants, he will be given an opportunity to amend the complaint if he desires. Plaintiff is advised that should he choose to amend the complaint, allegations against Doe defendants should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate his rights.

While plaintiff has stated a claim against some of the Doe defendants, due to the impossibility of serving unknown individuals, the court will not order service on the Doe defendants until plaintiff has identified and filed a motion to substitute named defendants for the Doe defendants. Plaintiff should seek to discover the identity of all Doe defendants and move to

4

substitute them into the case as soon as is possible. Because plaintiff failed to separately identify each Doe defendants' conduct in the complaint, in moving to substitute the Doe defendants, plaintiff should also identify the conduct of each individual he seeks to substitute (i.e. shooting plaintiff with pepper balls or using a taser on him). Failure to identify the Doe defendants and serve them prior to the close of discovery will result in a recommendation that the claims against them be dismissed.

### C. Yuba County

While "municipalities and other local government units [are] included among those persons to whom § 1983 applies," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)).

> [T]here are three ways to show a policy or custom of a municipality: (1) by showing "a longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (2) "by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision"; or (3) "by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate."

Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 964 (9th Cir. 2008) (quoting Ulrich v. City & County of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).

Plaintiff asserts that the Yuba County Jail has a "long history of constitutional violations" and that municipalities can be liable for the actions of officers with final authority to establish policy with respect to the action ordered and when they fail to properly train their officers. ECF No. 1 at 8-9. It therefore appears that plaintiff is attempting to allege that Yuba County has policies or customs that encourage excessive force against inmates, thereby making it liable for the excessive use of force he experienced. However, plaintiff fails to identify the policy or custom at issue, the individual with policymaking authority, the decisions that represent the policy of the county, or the deficiencies in training. Although plaintiff claims that there has been

"continued use of excessive force during the course of the class action," he fails to describe any incidents of force other than the single use of force that forms the basis of this action.[2]  Id. at 9. To the extent he may be attempting to allege that Garza was the policymaking authority or designee, or that the decision makers ratified his conduct, he has not alleged facts showing that Garza was in a position of such authority or that his conduct was ratified by the policymaking authority.  Finally, plaintiff makes only a conclusory assertion that the county has failed to properly train its employees, which is insufficient to show that the county "disregarded the known or obvious consequence that a particular omission in their training program would cause [municipal] employees to violate citizens' constitutional rights." Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (alteration in original) (quoting Connick v. Thompson, 563 U.S. 51, 61 (2011)).  Accordingly, plaintiff has failed to state a claim against Yuba County.

    V.       State Law Claims

         A.  Bane Act

Plaintiff alleges that defendants violated California Civil Code § 52.1, also known as the Tom Bane Civil Rights Act (Bane Act).  In order to state a claim under the Bane Act, "[a] plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015) (citations omitted).  "[I]n excessive force cases, including Eighth Amendment cases, § 52.1 does not require proof of coercion beyond that inherent in the underlying violation." Rodriguez v. County of Los Angeles, 891 F.3d 776, 802 (9th Cir. 2018).

Because plaintiff has asserted viable Eighth Amendment claims against Garza and the Doe defendants who actually used force against him, he has also stated claims against these defendants under the Bane Act. See Cameron v. Craig, 713 F.3d 1012, 1022 (9th Cir. 2013)

---

[2] Plaintiff attempts to support his claim by citing to the class action lawsuit Hedrick v. Grant, No. 2:76-cv-0162 EFB (E.D. Cal.).  ECF No. 1 at 8-9.  However, that case does not deal with excessive uses of force.  See Hedrick ECF Nos. 109 & 110 (original consent decree); ECF No. 258 (amended consent decree).

("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983." (citation omitted)).  Similarly, because plaintiff has failed to allege an Eighth Amendment violation against the Doe defendants who did not exercise any force against him, he also fails to state a claim against them under § 52.1.

With respect to defendant Yuba County, California Government Code § 844.6 states that "a public entity is not liable for . . . [a]n injury to any prisoner." Cal. Gov't Code § 844.6(a)(2); see also Towery v. State, 14 Cal. App. 5th 226, 236-37 (2017) (the Bane Act does not create an exception to statutory immunity for public entities provided by § 844.6).  The definition of prisoner includes both inmates of a jail, Cal. Gov't Code § 844, and public entities include counties and their agencies, Cal. Gov't Code § 811.2.  Accordingly, plaintiff cannot bring a Bane Act claim against Yuba County.

B. Ralph Act

Plaintiff also alleges that defendants violated California Civil Code § 51.7, also known as the Ralph Civil Rights Act of 1976 (Ralph Act), which guarantees "the right to be free from any violence, or intimidation by threat of violence" due to an individual's political affiliation.  Cal. Civ. Code § 51.7(b)(1).  There are four elements to a claim under § 51.7: (1) defendant committed or threatened to commit violent acts against plaintiff; (2) defendant was motivated by his perception of plaintiff's political affiliation; (3) plaintiff was harmed; and (4) defendant's conduct was a substantial factor in causing plaintiff's harm.  Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 880-81 (2007) (quoting former California Civil Jury Instruction (CACI) No. 3023[3]); CACI No. 3063 (setting out elements of a claim under § 51.7).

For purposes of screening, plaintiff's allegation that Garza ordered him tased and shot with pepper balls because of plaintiff's participation in a protest advocating prisoner rights is sufficient to state claims under § 51.7 against Garza and the Doe defendants who used force against him.  See McCalden v. Cal. Libr. Ass'n, 955 F.2d 1214, 1220-21 (9th Cir. 1990) (broadly interpreting § 51.7 to include protection for Holocaust deniers because it is "illustrative rather

---

[3] CACI 3023 has since been renumbered as CACI 3063.

7

than restrictive"), superseded by rule on other grounds as recognized by Harmston v. City & County of San Francisco, 627 F.3d 1273, 1279-80 (9th Cir. 2010); Campbell v. Feld Ent., Inc., 75 F. Supp. 3d 1193, 1210 (N.D. Cal. 2014) (citations omitted) (animal rights activism and membership in animal rights organization constitutes a "political affiliation"). However, he fails to state a Ralph Act claim against those Doe defendants who did not use force against him because he has not shown that they caused him harm. He also fails to state a claim against Yuba County because it is immune under California Government Code § 844.6. See Gates v. Superior Ct., 32 Cal. App. 4th 481, 512 (1995) (nothing in language or legislative history of § 51.7 to suggest Tort Claims Act immunities are inapplicable to § 51.7).

VI. Conspiracy

Plaintiff alleges generally that defendants were part of a conspiracy and "conspired to shoot plaintiff with pepper balls" and that the "conspiracy was a substantial cause of Plaintiff's harm." ECF No. 1 at 3-4, 7. However, under both state and federal law, plaintiff must allege facts sufficient to demonstrate that there was an agreement among the parties to cause plaintiff injury. See Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 511 (1994) (in bank) (civil conspiracy requires "the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design"); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (to state a claim for conspiracy under § 1983, plaintiff must allege facts demonstrating "an agreement or meeting of the minds to violate constitutional rights." (citation and internal quotation marks omitted)). Conclusory and speculative allegations of a conspiracy, such as those made by plaintiff, are insufficient. See Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level." (citations omitted)); Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient." (citations omitted)).

VII. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims for conspiracy or any claims against defendant Yuba County or the Doe

defendants who did not personally use force against plaintiff. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Garza on his Eighth Amendment, Bane Act, and Ralph Act claims. The Doe defendants who used pepper balls and tasers on plaintiff may be served once they have been identified. Alternatively, plaintiff may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendant Garza and the Doe defendants who used force against him without amending the complaint, the court will proceed to serve the complaint on Garza. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the conspiracy claims and all claims against Yuba County and the Doe defendants who did not use force against plaintiff.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VIII.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not.  You have stated Eighth Amendment, Bane Act, and Ralph Act claims against defendant Garza and the Doe defendants who fired pepper balls at you and tased you.  However, you have not alleged enough facts to show that there was a conspiracy or that Yuba County or any of the Doe defendants who were simply present violated your rights.  The Doe defendants cannot be served until you identify them, and failure to identify and serve the Doe defendants by the close of discovery will result in a recommendation that they be dismissed from this case.

You have a choice to make.  You may either (1) proceed immediately on your Eighth Amendment, Bane Act, and Ralph Act claims against defendant Garza and the Doe defendants who used force against you and voluntarily dismiss the other claims and defendants or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice without prejudice your conspiracy claims and all claims against Yuba County and the Doe defendants who did not use force against you.  If you choose to amend your complaint, it must include all claims you want to bring, including the ones that have already been found to state a claim.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will

////

issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

      3. Plaintiff has not stated cognizable claims for conspiracy or any cognizable claims against Yuba County or the Doe defendants who did not use force against him.

      4. Plaintiff has the option to proceed immediately on his Eighth Amendment, Bane Act, and Ralph Act claims against defendant Garza and the Doe defendants who used force against him above, or to amend the complaint.

      5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the conspiracy claims and all claims against defendant Yuba County and the Doe defendants who did not use force against plaintiff.

DATED: April 25, 2022

                                              ALLISON CLAIRE
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN EUGEE ROSE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YUBA COUNTY, et al.,<br><br>　　　　Defendants. | No.  2:21-cv-0338 TLN AC P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment, Bane Act, and Ralph Act claims against defendant Garza and the Doe defendants who used force against him without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his conspiracy claims and all claims against defendant Yuba County and the Doe defendants who did not use force against pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.


DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Melvin Eugee Rose
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1